[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14468
Non-Argument Calendar

_____

D. C. Docket No. 06-00066-CV-1

LORI MYLES,

Plaintiff-Appellant,

versus

RICHMOND COUNTY BOARD OF EDUCATION,
CHARLES G. LARKE, individually and
in his official capacity as Superintendent
of the Richmond County Public Schools District,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 6, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Lori Myles appeals the district court's grant of summary judgment in favor of Appellees on her First Amendment free speech and association claims. On appeal, she claims the district court erred in (1) concluding her speech was not on a matter of public concern, (2) determining her complaint to Georgia's Professional Standards Commission (PSC) was filed pursuant to her official duties, and (3) dismissing her free association claim.

We review the district court's grant of summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party. *Patton v. Triad Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002). After carefully reviewing the record, the district court's opinion, and the parties' briefs, we discern no reversible error in the district court's grant of summary judgment in favor of Appellees.

As to whether Appellant's speech was on a matter of public concern, the district court looked to the "content, form, and context" of Appellant's speech, *see Connick v. Myers*, 461 U.S. 138, 147-48 (1983), and sought to determine the "main thrust" of it, *see Morgan v. Ford*, 6 F.3d 750, 755 (11th Cir. 1993). Though her complaints that unqualified persons were being appointed to positions in the school district touched on an important matter of public interest, the court noted Appellant did not address her complaints to the public and "voiced her concerns as

2

a disgruntled employee rather than as a citizen concerned about corruption." Thus, the court concluded Appellant's speech was not on a matter of public concern.

We find no error in the court's conclusion. An employee's failure to address her complaints to the public does not automatically mean they were not on a matter of public concern; nonetheless, the employee's attempt at public disclosure is a relevant factor in making the determination. *Id.* at 754 n.5. Here, Appellant spoke to co-workers, Board of Education members, and representatives of the Georgia Association of Educators (GAE). As noted by the district court, she never addressed a complaint to the Board during any public comment sessions for citizens or attempted in any other way to alert the general public of the alleged corruption within the school district. More importantly for purposes of our analysis, Appellant's speech related primarily to her inability to receive a promotion. Though her speech did touch on a matter of public interest, the true purpose behind Appellant's various complaints was not to raise an issue of public concern, but rather to further her own private interest in improving her employment position. *See id.* at 754. Her complaints centered predominantly around, and were driven by, her displeasure with having been denied promotions

she thought she deserved. Thus, the district court was correct in concluding Appellant's speech was not on a matter of public concern.[1]

In examining the public concern issue, the district court also did not err in determining Appellant's complaint to the PSC was filed pursuant to her official duties as an educator and thus not protected by the First Amendment. Adherence to the Code of Ethics is mandatory for all certified educators in Georgia. O.C.G.A. § 20-2-984.1(b). Under the Code, "[e]ducators are required to report a breach of one or more of the Standards . . . ." Ga. Comp. R. & Regs. § 505-6-.01(4). When Appellant became aware of appellee Larke's alleged ethical violation, she was under a duty as an educator to report it to the PSC. Thus, she filed the complaint not as a citizen, but rather in her role as an educator. The First Amendment does not protect such a complaint.

As to her free association claim, the district court concluded Appellant did not have conversations with Board members, GAE representatives, or her co-workers in her capacity as a citizen and therefore had not engaged in associational

---

[1]Contrary to Appellant's argument in her brief, the district court also did not err in examining her speech in the aggregate, as opposed to examining each individual instance of speech. In *Goffer v. Marbury*, 956 F.2d 1045 (11th Cir. 1992), we determined Goffer's expressions, which concerned different subject matters and were made under a wide range of circumstances, should have been examined individually by the district court. Unlike *Goffer*, all of Appellant's speech is related to the exact same subject: Appellant's having been passed over for promotions. Thus, it was not error for the district court to examine the whole of Appellant's speech, rather than analyzing in isolation each similar instance of expression.

4

activity protected by the First Amendment. This conclusion was also not in error. To enjoy protection under the First Amendment, an employee asserting a free association claim must have engaged in her associational activity as a citizen, not as an employee. *D'Angelo v. Sch. Bd. of Polk County, Fla.*, 497 F.3d 1203, 1212-13 (11th Cir. 2007). As discussed with regard to her free speech claim above, Appellant associated with Board members, GAE representatives, and her co-workers as a disgruntled employee, one who was upset at having been denied promotions she thought she deserved. Such associational activity is not protected under the First Amendment.[2]

**AFFIRMED.**

---

[2]Appellant contends she was not given an opportunity to address this issue before the district court, but she devoted a section of her summary judgment brief to her free association claim. There was no error in the court's ruling on it.